EARL R. FERGUSON, Trustee, v. LEDERER, STRAUSS & COMPANY, Appellants.

**Depositions:** FAILURE TO FILE IN TIME.  Although a deposition may not have been filed with the clerk within the time prescribed by Code section 4708, yet, if when received in evidence it appears that the party objecting had sufficient notice of the filing so that no prejudice arose, its admission was proper.

**Bankruptcy:** PLEADINGS.  In an action by a trustee in bankruptcy to recover the value of goods transferred by the bankrupt, the petition, in the absence of a request for a more specific statement, is held to sufficiently allege the insolvency of the bankrupt, that a preference was created by the transfer, that defendants had cause to believe that a preference was intended, and that the transfer was made both on the part of the bankrupt and the' defendants with intent to delay other creditors.

**Preferences:** ACTION TO SET ASIDE TRANSFER.  Where the evidence shows a purpose on the part of the agents of creditors of a bankrupt to secure their claim to the exclusion of other creditors, such purpose renders the transfer made within four months preceding bankruptcy, void, and it will be set aside at the suit of the trustee in bankruptcy.

*Appeal from Polk District Court.*— HON. A. H. McVEY, Judge.

FRIDAY, JUNE 9, 1905.

ACTION by plaintiff, as trustee in bankruptcy of the estate of William Johnson, bankrupt, to recover from the defendants the value of a stock of goods transferred by the bankrupt to defendants as creditors when insolvent and within four months of the adjudication of bankruptcy, with intent to give to defendants a preference over other creditors, and to hinder, delay, and defraud all other creditors of said bankrupt.  On trial to the court without a jury

judgment was rendered for plaintiff for $1,000, with inter-
est.   Defendants appeal.— *Affirmed.*

*Oscar Strauss,* for appellants.

*Dudley & Coffin* and *George H. Castle,* for appellees.

McCLAIN, J.— Error is assigned on the action of the
trial court in receiving and considering, over defendants'
objection, the deposition of William Johnson, the bankrupt,
the ground of the objection being that it was
not filed by the clerk, as required in Code, sec-
tion 4707.   It appears that when the case
came on for trial in February, 1903, it was contended by
defendants that this deposition, offered in evidence for the
plaintiff, should not be read, on the ground that defendants
had no notice of its having been filed and had not had suffi-
cient time to file a motion to suppress it, and that it had not
been filed within thirty days of the time it had been taken,
as required by Code, section 4705.   Thereupon the court
ordered the deposition to be filed at that time, and continued
the case.   When the case again came on for trial, the objec-
tion that the deposition had not been properly filed seems
not to have been renewed; but it is now argued that the depo-
sition should not have been considered for that reason.   We
think there is no merit in this contention.   When the deposi-
tion was finally received in evidence and considered, it had
been duly filed under the direction of the court, and the de-
fendants had sufficient notice of such filing.   The only ob-
jection, as we understand it, is that the filing was not within
thirty days after the deposition was taken.   It is, however,
provided by Code, section 4708, that " unimportant devia-
tions from any of the above ·directions shall not cause the
deposition to be excluded, where no substantial prejudice
could be wrought to the opposite party thereby."   It ap-
peared from the statement of one of the counsel who repre-

1. DEPOSITIONS:
   failure to file
   in time.

sented defendants on the trial in the lower court that he examined the deposition more than a year prior to its being first offered in evidence, and there is not the slightest ground to believe that it had not been accessible to defendants' attorneys, and used by them in making preparation for the trial. No prejudice could have resulted to defendants from the technical failure of the clerk to indorse the deposition as filed, and the continuance of the case thereafter upon defendants' request removed all possible objection to the receipt of the deposition in evidence when the case was called for trial.

Counsel for defendants elaborately argue the question whether the insolvency of the bankrupt at the time the transfer to defendants was made, the intention of the bankrupt to prefer defendants to other creditors with reasonable cause on the part of the defendants to believe that the bankrupt thereby intended to give a preference, and the fact that the transfer was made with the intent and purpose on the part of the bankrupt to hinder, delay, or defraud his creditors, are sufficiently alleged in the petition and established by the evidence. The substantial allegations of the petition as to these matters are that at the time of the transfer the bankrupt had no other property or estate available for the payment of his debts except the stock of goods above described, and that no provision whatever was made by him or by the defendants for payment of the other debts owing by said bankrupt, and aggregating from $600 to $700; that the bankrupt was then owing the defendants the sum of about $2,000; and that with intent to collect their claim in full, and in fraud towards all other creditors of the bankrupt, the defendants accepted such transfer in the way of payment for said debt; that the transfer to defendants was fraudulent, with intent on the part of both said Johnson and the defendants to give to defendants an illegal and undue preference over other creditors of said bankrupt; and that said

2. BANKRUPTCY: pleadings.

transfer was made with intent upon the part of all the parties thereunto to hinder, delay, and defraud all other creditors of said bankrupt. We think these allegations are sufficient to show the insolvency of the bankrupt at the time the transfer was made, and that by such transfer the bankrupt gave the preference to defendants as creditors over other creditors, and that defendants had reasonable cause to believe that it was intended thereby to give a preference. These are the essential allegations under section 60b, Bankr. Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]. The petition further sufficiently alleges that the transfer was with intent and purpose on the part of the bankrupt to hinder, delay, and defraud his creditors other than defendants, and that the defendants participated in this intention. These are the essential allegations under section 67e, Bankr. Act (30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]). If the allegations of the petition were not sufficiently specific in these respects, the defendants should have asked for a more specific statement. There was not such a want of essential averments as to justify us in holding that the trial court should not have granted any relief to plaintiff on account of the insufficiency of the petition.

As to the evidence, the principal contention for defendants is that they are not shown to have had reasonable cause to believe that Johnson was insolvent at the time the transfer was made, and that it was his intention thereby to give them a preference over other creditors. But, without discussing the details of the evidence, it is sufficient to say that we find in the record ample evidence to sustain the judgment of the court. This is a law action, and we are not justified in interfering with the conclusions of fact drawn by the trial court from the evidence, and essential to sustain the judgment, unless such essential findings are entirely without support in the evidence. We reach the same conclusion as to

3. PREFERENCES: action to set aside transfer.

the evidence tending to show a participation by defendants in the intention and purpose of the bankrupt to hinder, delay, and defraud his other creditors. It appears beyond controversy that the agents of the defendants who acted for them in procuring and accepting this transfer had knowledge that the bankrupt was otherwise indebted, and that he had substantially no other property subject to the payment of his debts; but, although the business of the defendants was entirely a wholesale business, their agents accepted from the bankrupt an assignment of a stock of goods which defendants agreed was not worth to exceed $1,000, in full satisfaction of an indebtedness of over $2,000. All the circumstances surrounding the transaction tend very strongly to show a purpose on the part of the agents of the defendants to secure their claim from an insolvent debtor to the exclusion of other creditors. Such a purpose renders the transfer made within four months preceding bankruptcy void, and subject to be set aside at the suit of the trustee in bankruptcy. *Bardes v. Bank of Hawarden,* 122 Iowa, 443.

Further discussion of the facts of the case and consideration of the numerous authorities cited on either side would seem to be wholly superfluous.

The judgment of the trial court is *affirmed.*